# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

NOKIA OTEY                                                      PLAINTIFF

v.                                CASE NO. 2:17CV00007 BSM

RETZER RESOURCES, INC.,
RETZER, LLC,
THE RETZER GROUP, INC., and
SHARENA GILLIAM                                          DEFENDANTS

## ORDER

Plaintiff Nokia Otey's motion for remand [Doc. No. 11] is granted because this court lacks subject matter jurisdiction.

Otey filed suit in the Phillips County Circuit Court claiming she was injured as a result of eating food purchased at the West Helena McDonald's restaurant. She alleged that the McDonald's is owned, managed, operated, directed, and controlled by defendants Retzer Resources, Inc. ("Retzer Resources"), Retzer, LLC ("Retzer"), and The Retzer Group, Inc. ("Retzer Group") and managed by defendant Sharena Gilliam. *See* Compl., Doc. No. 2.

Retzer Resources removed to this court on the basis of diversity of citizenship. 28 U.S.C. § 1332(a)(1). Notice ¶ 5, Doc. No. 1. Otey seeks remand because she, Retzer, Retzer Group, and Gilliam are residents of Arkansas. Br. Supp. Mot. Remand 3, Doc. No. 12; *see also* Compl. ¶¶ 3–9 (alleging citizenship). In response to Otey's motion to remand, Retzer Resources argues that Retzer, Retzer Group, and Gilliam were fraudulently joined and therefore their citizenship should be disregarded. Def.'s Resp. Pl.'s Mot Remand ¶¶ 2, 5, Doc. No. 18.

Diversity of jurisdiction requires complete diversity "so that no defendant is a citizen of the same state as any plaintiff." *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997) (citations omitted). A plaintiff, however, "cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). To establish fraudulent joinder, Retzer Resources must show there is no "reasonable basis in fact or law to support a claim against the non-diverse defendant[s]." *Id.* "State law must be analyzed to determine whether there is a reasonable factual and legal basis for the claim against the non-diverse defendant; however, the question is ultimately one of federal law." *Duncan v. Exxon Mobil Corp.*, 968 F. Supp. 2d 996, 999-1000 (E.D. Ark. 2013) (quotation omitted).

Otey asserts two claims against Gilliam, individually, as the manager of the West Helena McDonald's. *See* Compl. ¶¶ 31–48. A corporate employee can be sued, individually, when she is personally involved in the events surrounding an injury. *Bayird v. Floyd*, 344 S.W.3d 80, 84 (Ark. 2009). Of course the manager responsible for supervising the people who prepared the food that made Otey sick can be sued individually. The problem with Otey's claims against Gilliam, however, is that the record clearly shows that Gilliam was not

2

on duty the day that Otey purchased the food. *See* Def.'s Br. Supp. Resp. Pl.'s Mot. Remand 15, Doc. No. 17; *see also id.*, Ex. C (monthly schedule showing Gilliam not scheduled to work the day Otey purchased the food).

Otey's motion for remand is granted, however, because failing to do so would be akin to choosing form over substance. While it is clear that Gilliam was not on duty the day Otey purchased the food that made her sick, it is also clear that this problem can be rectified by permitting Otey to amend her complaint to correctly name the manager on duty, who is sure to be an Arkansas resident. To save time and money, remand is granted now, and Otey can amend her complaint to name the correct manager once the case is returned to the Phillips County Circuit Court.

IT IS SO ORDERED this 23rd day of May 2017.

_____
UNITED STATES DISTRICT JUDGE